# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ADRIAN THOMAS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1194** (BOR Appeal No. 2049493)
                        (Claim No. 2011035862)

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Adrian Thomas, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, LLC, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a May 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 27, 2012, decision insofar as it granted Mr. Thomas an 8% permanent partial disability award for his cervical spine. The Office of Judges modified the decision to show that Mr. Thomas had no impairment related to his left shoulder. The Office of Judges also reversed the claims administrator's April 19, 2012, decision which granted him a 7% permanent partial disability award for his lumbar spine. The Office of Judges granted Mr. Thomas no permanent partial disability award because he had been fully compensated by a prior 8% award for his lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thomas worked as a miner for Pine Ridge Coal Company. Throughout the course of his career he suffered several compensable injuries to his left shoulder which eventually required

1

rotator cuff surgery. Mr. Thomas was initially granted a 6% permanent partial disability award for his left shoulder but was ultimately granted an additional 5% award for a total of an 11% permanent partial disability award for the left shoulder. Mr. Thomas also suffered a lumbar injury during his career. The claims administrator granted him a 6% permanent partial disability award, but on April 28, 2008, the Office of Judges reversed the claims administrator's decision and granted Mr. Thomas a total award of 8% for his lumbar condition.

On April 29, 2011, Mr. Thomas suffered an injury to his left shoulder, neck, and lower back during a rock fall in an underground mine. Mr. Thomas applied for workers' compensation benefits based on this injury, and the claims administrator held his claim compensable for a closed head injury, a left clavicle fracture, and lumbosacral pain. Following a course of physical therapy, Syed Zahir, M.D., performed an evaluation of Mr. Thomas. He found that Mr. Thomas had reached his maximum degree of medical improvement. Dr. Zahir found that Mr. Thomas had 7% impairment for his lower back based on his loss of range of motion. He determined that this rating did not need an adjustment to fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). On April 19, 2012, the claims administrator granted Mr. Thomas a 7% permanent partial disability award for his lumbar spine. Paul Bachwitt, M.D., then performed an evaluation of Mr. Thomas. Dr. Bachwitt determined that Mr. Thomas had 10% impairment for his cervical spine based on loss of range of motion and the specific disorder of the cervical spine. Dr. Bachwitt adjusted this rating to 8% to fit within Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006). Dr. Bachwitt found no impairment for Mr. Thomas's left shoulder. He determined that Mr. Thomas's clavicle fracture had healed without needing surgery and was in excellent position. He determined that any loss of range of motion in Mr. Thomas's left shoulder was the result of his prior rotator cuff injury. On December 27, 2012, the claims administrator granted Mr. Thomas an 8% permanent partial disability award for his cervical spine.

Bruce A. Guberman, M.D., then evaluated Mr. Thomas and determined that the physical therapy sessions had only slightly helped his lower back pain. However, he found that Mr. Thomas had reached his maximum degree of medical improvement and had 10% impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Guberman adjusted this rating to 8% to fit within Cervical Category II of West Virginia Code of State Rules § 85-20-E. Dr. Guberman also found that Mr. Thomas had 15% impairment for his lumbar spine under the American Medical Association's *Guides*. He apportioned 8% of the impairment to Mr. Thomas's prior low back injury because he had received an 8% permanent partial disability award for his lumbar spine. Dr. Guberman found that no adjustment was needed of his 7% impairment recommendation to fit it within Lumbar Category II of West Virginia Code of State Rules § 85-20-C. Dr. Guberman also found that Mr. Thomas had 5% impairment for his left shoulder injury after apportioning 4% impairment for pre-existing degenerative disease. A. E. Landis, M.D., also evaluated Mr. Thomas and found that he had 2% impairment of his left shoulder based on loss of range of motion. He noted that Mr. Thomas's shoulder injury was superimposed upon his prior injuries which had required surgical repair. He believed that these prior injuries accounted for the majority of Mr. Thomas's shoulder symptoms. He also found that Mr. Thomas did not have any symptoms related to his healed left clavicle fracture. He noted that Mr. Thomas had received a prior permanent partial disability

2

award which would fully compensate him for the impairment related to his left shoulder. Dr. Landis determined that Mr. Thomas had 9% impairment for his cervical spine under the American Medical Association's *Guides*. He adjusted this rating to 8% to fit within Cervical Category II of West Virginia Code of State Rules § 85-20-E. Dr. Landis also found that Mr. Thomas had 15% impairment for his lumbar spine under the American Medical Association's *Guides*. Dr. Landis apportioned 7% impairment to the compensable injury and the remainder to Mr. Thomas's pre-existing lumbar spine degeneration. Dr. Landis found that this rating did not need to be adjusted to fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C. On May 30, 2014, the Office of Judges affirmed the claims administrator's December 27, 2012, decision insofar as it granted Mr. Thomas an 8% permanent partial disability award for his cervical spine, but it modified the decision to state that Mr. Thomas was granted a 0% permanent partial disability award for his left shoulder. The Office of Judges also reversed the claims administrator's April 19, 2012, decision and granted Mr. Thomas a 0% award for his lumbar spine because he had been fully compensated by his previous 8% permanent partial disability award. The Board of Review affirmed the Office of Judges' Order on October 29, 2014, leading Mr. Thomas to appeal.

The Office of Judges concluded that Mr. Thomas was entitled to an 8% permanent partial disability award for his cervical spine but no permanent partial disability award for his lumbar spine or left clavicle fracture. The Office of Judges found that all the medical evaluations in the record showed that Mr. Thomas had suffered 8% whole person impairment related to his cervical spine. The Office of Judges determined that Mr. Thomas was not entitled to any additional award related to his left clavicle fracture. It found that Mr. Thomas had two left shoulder injuries for which he had been granted a combined 11% permanent partial disability award. The Office of Judges also found, based on Dr. Bachwitt's and Dr. Landis's evaluations, that Mr. Thomas's left clavicle fracture had healed without any range of motion restrictions. Finally, the Office of Judges determined that Mr. Thomas was not entitled to an additional permanent partial disability award for his lumbar spine because he had been fully compensated by the 8% award granted by the Office of Judges' April 20, 2008, Order. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Thomas requests that the Court reverse the Board of Review's decision and grant him an 18% permanent partial disability award based on Dr. Guberman's evaluation.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Thomas has not demonstrated that he is entitled to a permanent partial disability award related to his compensable injury beyond the 8% award granted by the claims administrator for his cervical spine. The medical evaluations in the record show that Mr. Thomas suffered 8% whole person impairment related to his cervical spine, and the Office of Judges was correct to affirm the claims administrator's grant of an 8% permanent partial disability award based on this evidence. Even though the record shows that the compensable injury also caused a low back condition and a left clavicle fracture, Mr. Thomas is not entitled to an additional permanent partial disability award for these conditions. The evaluation of Dr. Zahir demonstrates that Mr. Thomas has 7% impairment related to his lumbar spine. However, he has previously received an 8% permanent partial disability award related to a prior low back injury, and

therefore, has been fully compensated for the impairment related to his lower back. The Office of Judges was within its discretion in not relying on Dr. Guberman's impairment recommendation because he improperly apportioned for Mr. Thomas's prior permanent partial disability award before he adjusted his impairment findings to fit within West Virginia Code of State Rules § 85-20-C. Dr. Guberman's recommendation is inconsistent with the method of apportionment adopted by this Court and was properly disregarded. *E.g.*, *Boone v. SWVA, Inc.,* No. 12-0221 (June 11, 2004) (memorandum decision). The reports of Dr. Bachwitt and Dr. Landis also show that Mr. Thomas's clavicle fracture has healed without any whole person impairment, and their opinions are supported by the remainder of the evidence in the record. Mr. Thomas has previously received a combined 11% permanent partial disability award for his left shoulder. The evidence in the record shows that any residual symptoms or disability he is currently experiencing in his left shoulder is related to his prior injuries and not to the April 29, 2011, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II